# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT NASHVILLE
### February 17, 2010 Session

## STATE OF TENNESSEE v. TONY A. PITTS

**Direct Appeal from the Circuit Court for Wayne County**
**No. 14499     Jim T. Hamilton, Judge**

---

**No. M2009-01177-CCA-R3-CD - Filed July 22, 2010**

---

The defendant, Tony Alton Pitts, was convicted of vehicular assault, a Class D felony, as well as violations of the financial responsibility law and the vehicle registration law, both Class C misdemeanors. On appeal, he argues that the evidence was insufficient to support his convictions and that the trial court erred in denying him full probation and a restricted license. After careful review, we affirm the judgments from the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgments of the Circuit Court Affirmed**

JOHN EVERETT WILLIAMS, J., delivered the opinion of the court, in which DAVID H. WELLES and ROBERT W. WEDEMEYER, JJ., joined.

A. Russell Larson and Leslie J. Fatowe, Jackson, Tennessee, for the appellant, Tony A. Pitts.

Robert E. Cooper, Jr., Attorney General and Reporter; David H. Findley, Senior Counsel; T. Michel Bottoms, District Attorney General; and Joel D. Dicus, Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION

On March 13, 2008, both the defendant, Tony Pitt, and Jesse Fett were injured in a single vehicle collision, in which the defendant's vehicle ran off the road at a curve while traveling in excess of sixty miles per hour in a forty-five mile per hour zone. The investigating officer of the Tennessee Highway Patrol found reason to believe that the defendant was intoxicated and had been operating the vehicle prior to the accident. The officer also determined that the defendant was driving with open containers of alcohol in the vehicle and without proof of insurance, and that the license tag on defendant's vehicle was registered to a different vehicle.

On September 5, 2008, the defendant was indicted for vehicular assault, driving under the influence, violation of open container law, violation of registration law, and violation of the financial responsibility law. On January 22, 2009, after a trial by jury, the defendant was convicted of vehicular assault and violations of the registration and financial responsibility laws. He was sentenced to two years for vehicular assault, suspended to probation after service of sixty days. He was sentenced to thirty days for violation of the vehicle registration law, all suspended. The trial court also initially stated that the defendant would serve a suspended sentence for violation of the financial responsibility law. However, the judgment in the record correctly reflects that violation of this law does not carry a sentence of confinement. T.C.A. § 55-12-139(c). The judgments in the record are silent as to whether the sentences were ordered to run consecutively or concurrently. Tennessee Rule of Criminal Procedure 32 provides that a sentence shall run concurrently when a judgment is silent as to concurrent or consecutive sentencing. The sentencing judge also denied the defendant's motion to grant a restricted license.

The defendant now timely appeals. After careful consideration, we reject the defendant's arguments and affirm the defendant's convictions and sentences on all counts.

Analysis

The defendant argues that the evidence was insufficient to support his convictions for vehicular assault, violation of the financial responsibility law, and violation of the vehicle registration law. In determining the sufficiency of the evidence, this court does not reweigh or reevaluate the evidence. *State v. Cabbage*, 571 S.W.2d 832, 835 (Tenn. 1978). A jury verdict approved by the trial judge accredits the State's witnesses and resolves all conflicts in favor of the State. *State v. Bigbee*, 885 S.W.2d 797, 803 (Tenn. 1994). On appeal, the State is entitled to the strongest legitimate view of the evidence and all legitimate or reasonable inferences which may be drawn therefrom. *Id.* This court must affirm any conviction if the evidence, viewed under these standards, was sufficient for any rational trier of fact to have found the essential elements of the offense beyond a reasonable doubt. Tenn. R. App. P. 13(e); *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S. Ct. 2781, 2789 (1979); *State v. Cazes*, 875 S.W.2d 253, 259 (Tenn. 1994); *State v. Brewer*, 932 S.W.2d 1, 19 (Tenn. Crim. App. 1996).

The defendant challenges the sufficiency of the evidence supporting his conviction for vehicular assault, claiming that he was not the driver of the vehicle at the time of the accident. However, considerable evidence supports the jury's conclusion that he was, in fact, the vehicle's operator. At trial, the trooper who responded to the accident testified that the defendant told him he was driving the automobile when the accident occurred. The trooper's vehicle was equipped with a camera, and, because the camera was operating when the

trooper responded to the accident, the jury was able to hear the defendant's admission. The defendant's friend, Jesse Fett, stated for the first time on the day of trial that he was operating the vehicle when the accident occurred. However, his testimony was contradicted by his earlier written accident report in which he stated that the defendant had picked him up on the night of the accident and by his statement that he did "not wish to press charges against [the defendant]." The jury was free to credit the earlier statements by both the defendant and Jesse Fett to the effect that the defendant was driving the vehicle when the accident occurred and to discredit their later statements to the contrary. Viewing this evidence in the light most favorable to the State, we conclude that the evidence was sufficient to convict the defendant of vehicular assault.

The defendant also contends that the evidence was insufficient to support his conviction for violating the financial responsibility law. Tennessee law requires persons operating an automobile on a state roadway to carry documentation of a valid insurance policy. Tennessee Code Annotated section 55-12-139(c) provides that it is a Class C misdemeanor to fail to provide evidence of financial responsibility in the form of an insurance policy or cash bond. The law also states that on or before the defendant's court date, he may submit evidence that he was in compliance with the financial responsibility law at the time of the offense and have the charge of failure to provide evidence of financial responsibility dismissed.

Trooper Carl Nutt of the Tennessee Highway Patrol, who responded to the defendant's accident, testified that the defendant showed no proof of insurance on the vehicle at the time of the accident or afterward. The jury was free to discredit the defendant's testimony that he had no proof of insurance because his vehicle was newly purchased and the proof had not yet arrived and that he was operating the automobile under a "grace period" from his previous automobile insurance policy. At trial, the defendant did not introduce any evidence of insurance coverage to support this claim. In the absence of such proof, the jury was free to credit the officer's testimony over that of the defendant. Consequently, we find the evidence sufficient to support his conviction.

Next, the defendant contends that the evidence was insufficient to support his conviction for violation of the automobile registration law. Tennessee Code Annotated section 55-4-101 requires the registration of all motor vehicles operating on Tennessee streets or highways. Tennessee Code Annotated section 55-4-108 requires that a certificate of registration be carried in the vehicle and that it must be displayed on demand of any officer. Tennessee Code Annotated section 55-4-110 further requires that a registration plate be attached to the rear of the motor vehicle. The defendant argues that the evidence was insufficient to support the conviction for violation of the vehicle registration law because he had just obtained the automobile in question on the day of the accident. The defendant

claims the right to a thirty-day grace period for registration, which he states is provided by Tennessee Code Annotated section 55-4-221(c)(4). However, that code section provides a reprieve through the issuance of a temporary registration plate and does not permit an individual to simply switch license plates from one car to another in anticipation of proper registration in the future. At trial, the defendant acknowledged that the registration plate attached to the vehicle at the time of the accident was, in fact, registered to a different vehicle. The defendant did not offer proof of registration and acknowledged that the vehicle was not registered. Because the registration law states that, "as a condition precedent to the operation of any motor vehicle upon the streets or highways of this state, such vehicle shall be registered . . . ," the evidence was sufficient to support his conviction.

The defendant also alleges error in his sentencing, claiming that the trial court erred by imposing a sentence without specifically finding enhancing or mitigating factors and by failing to properly consider sentencing alternatives. An appellate court's review of sentencing is *de novo* on the record with a presumption that the trial court's determinations are correct. T.C.A. § 40-35-401(d) (2006). The Sentencing Commission Comments to this section note that, on appeal, the burden is on the defendant to show that the sentence is improper. If the trial court followed the statutory sentencing procedure, made findings of fact that are adequately supported in the record, and gave due consideration and proper weight to the factors and principles that are relevant to sentencing under the 1989 Sentencing Act, this court may not disturb the sentence even if a different result was preferred. *State v. Fletcher*, 805 S.W.2d 785, 789 (Tenn. Crim. App. 1991).

While the trial court did not expressly consider aggravating or mitigating factors at the sentencing hearing, the State did not submit a notice of enhancement factors, and the trial court was free to find that none existed. Because the trial court imposed the minimum sentence available for each conviction, the defendant has no cause to complain regarding the trial court's failure to expressly consider mitigating factors. The trial court could not grant any sentence less than the minimum, regardless of the number of aggravating or mitigating factors found.

The defendant can only complain of the trial judge's decision to impose an alternative sentence of sixty days followed by probation rather than full probation. Trial judges have a wide range of discretion when considering alternative sentences. An especially mitigated or standard offender convicted of a Class C, D, or E felony is presumed to be a favorable candidate for alternative sentencing in the absence of evidence to the contrary. T.C.A. § 40-35-102(6). However, this presumption is not available to a defendant who commits the most severe offenses, has a criminal history showing clear disregard for the laws and morals of society, and has failed past efforts at rehabilitation. *Id.* § 40-35-102(5); *State v. Fields*, 40 S.W.3d 435, 440 (Tenn. 2001). The court should also examine the defendant's potential for

rehabilitation or lack thereof when considering whether alternative sentencing is appropriate. T.C.A. § 40-35-103(5). Sentencing issues must be decided in light of the unique facts and circumstances of each case. *See State v. Taylor*, 744 S.W.2d 919, 922 (Tenn. Crim. App. 1987). A defendant has the burden of establishing his suitability for full probation, even if the defendant is entitled to be considered a favorable candidate for alternative sentencing. *See State v. Boggs*, 932 S.W.2d 467, 477 (Tenn. Crim. App. 1996). No criminal defendant is automatically entitled to probation as a matter of law. *State v. Davis*, 940 S.W.2d 558, 559 (Tenn. 1997).

Here, the trial court did not specifically state on the record its reason for denying full probation. However, the record fully supports the trial court's decision. At the sentencing hearing, probation officer Dwight Davis testified that the defendant had been convicted of DUI in 1994. Before the sentencing hearing, probation officer Davis and another officer visited the defendant's home and observed a gun cabinet. When they informed the defendant that he could no longer possess weapons because he had been convicted of a felony, the defendant became extremely agitated. The officer recalled that the defendant complained about the restriction, and the officers decided it would be best for them to leave. The defendant told them that he was convicted of a "misdemeanor felony" and could keep his guns. In addition, in the presentence report, the defendant denied responsibility for the accident and asserted that the assistant district attorney had a grudge against him.

When a defendant has a previous conviction for which he was granted probation and has committed the same offense again, a judge is free to find that imposing full probation for the second offense will provide insufficient deterrence to future illegal activity. This is especially true where the defendant denies responsibility for his actions and, instead, alleges that his situation is the result of the State having a grudge against him. In this case, the judge was also free to consider that the defendant had previously intimidated his probation officers and interfered with their attempts to enforce the law. This activity, in its totality, paints a picture of the defendant as someone who would not be best rehabilitated by mere supervision on full probation. His prior period of probation did not deter him from driving under the influence and causing bodily injury to himself and another. Therefore, we affirm the sentence of split confinement with a period of sixty days of service and the balance on probation.

Finally, we reject the appellant's argument that the trial court erred in finding that he was not eligible for a restricted license following his conviction for vehicular assault. Tennessee Code Annotated section 39-13-106(c) provides that a driver who is convicted of vehicular assault by intoxication, as set forth in Tennessee Code Annotated section 55-10-403(d)(2), is explicitly prohibited from being issued a drivers license for one year. Therefore, the trial court did not err in denying the defendant's request for a restricted

license.

## Conclusion

Based on the foregoing and the record as a whole, we affirm the judgments from the trial court.

_____

JOHN EVERETT WILLIAMS, JUDGE